**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN B. TURNER,

           Plaintiff - Appellant,

  v.

MELODY SMITH; et al.,

           Defendants - Appellees.

No. 13-15802

D.C. No. 3:11-cv-05176-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

    California state parolee Stephen B. Turner appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

law claims in connection with his parole and registration as a sex offender. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

Contrary to Turner's contentions, the district court applied the correct standard in assessing Turner's allegations, and it properly dismissed Turner's Third Amended Complaint because Turner failed to allege facts sufficient to support one or more elements of his claims. *See id.* at 341-42 (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (conclusory allegations, unwarranted deductions, or unreasonable inferences need not be accepted as true); *see also Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (applying requirements of Fed. R. App. P. 28 to pro se appellant's submissions on appeal, and deeming abandoned issues raised in an opening brief that are not supported by argument, as well as issues and arguments incorporated by reference on appeal).

However, the district court did not have the benefit of this court's decision in *Thornton v. Brown*, 757 F.3d 834 (9th Cir. 2013), when it dismissed as *Heck*-barred claims concerning Turner's parole alleged in Turner's Second Amended Complaint. Accordingly, we vacate the judgment in part, and remand for reconsideration of the dismissal in light of this intervening authority.

13-15802

After dismissing the federal claims in the Third Amended Complaint, the district court declined to exercise supplemental jurisdiction over Turner's state law claims. Because we vacate judgment as to the federal claims in the Second Amended Complaint, we also vacate the dismissal of Turner's state law claims. We remand with directions that the district court grant Turner leave to file an amended complaint containing only the § 1983 claims from the Second Amended Complaint that were dismissed as *Heck*-barred and the state law claims from the Third Amended Complaint over which the district court declined to exercise supplemental jurisdiction.

We reject Turner's contention that the district court failed to address his Racketeer Influenced and Corrupt Organizations Act claim.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

13-15802